# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—MAY TERM, 1900.

## E. V. Bohl, Kate Bohl and Margaret Walters v. Lizzie Long.

1. FRAUD—*Burden of Proof.*—The burden of proving allegations of fraud is upon the party making such allegations.

Bill to Set Aside a Conveyance.—Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

WORLEY & KEEFER, attorneys for appellants.

M. P. RICE and I. R. BROWN, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity by appellee against appellants to set aside a conveyance of E. V. Bohl to his wife, Kate Bohl, and a conveyance of the latter of the same premises to her mother, Margaret Walters, on the ground such conveyances were fraudulent as to the creditors of E. V. Bohl, especially as to appellee, who was a judgment creditor to the extent of $500. The bill was answered, the oath being waived, and the cause was referred to the master to take the evidence and report the same, together with his conclusions of law

(59)

and fact. The master having so reported, the cause was again referred and other evidence taken, and he again reported the evidence, with his findings, against appellants, to which objections were made and exceptions taken by appellants; but the court, upon the final hearing, overruled the exceptions, approved the report of the master and gave its decree in conformity to the prayer of the bill, set aside the conveyances in question and ordered a sale of the land to pay the judgment of $500 of appellee against E. V. Bohl, and from that decree appellants have brought this appeal, and, to effect a reversal thereof, insist the same is without evidence to support it.

The burden of proof was upon appellee to prove the charge of fraud contained in her bill, by a preponderance of the evidence, it being an elementary principle that fraud will not be presumed. We have examined the evidence to determine its sufficiency to support the decree. Appellees produced as witnesses before the master, the appellants, E. V. Bohl, Kate Bohl and Margaret Walters, and examined them touching the conveyances in question, relative to the consideration of the same, and as to the good faith of the transactions. From them it was elicited that E. V Bohl owed his wife, Kate Bohl, $100 for borrowed money; that E. V. Bohl owed his mother, Sarah Bohl, $2,000, Hettrick, $300, and $40 for a mower, and to pay these various sums and in consideration of the satisfaction of the $100 due to his wife, and her assuming the payment of the other sums, E. V. Bohl conveyed, May 7, 1898, the undivided one-half interest he owned of eighty acres of land, being the land in controversy, worth $2,500. That the deed was dated back to April 15, 1898, because the verbal contract to sell was made at that time. After this the wife mortgaged the land to Worley for $700, of which $300 was paid to Hettrick, $40 for the mower, $200 to pay attorneys' fees due from E. V. Bohl, and $60 to pay a judgment of Lawver, the payment of which was a condition made by Worley to his consent to loan the money. After this Kate Bohl conveyed the land to her mother, Margaret Walters, in consideration

the latter would pay the mortgage and interest to Worley and the $2,000 due to Sarah Bohl. Mrs. Walters did pay the interest upon the mortgage to Worley and permitted her son and his wife to have the crops on the land for 1899. In the conveyance by the husband to the wife the consideration was recited at $2,000, which was explained as a mistake, the actual consideration being $2,440. Mrs. Bohl testified she received the conveyance in good faith, without purpose to defraud, and there was no direct or other evidence tending to impeach the *bona fides* of the various sums due from E. V. Bohl that composed the consideration of the conveyance, and this in substance was all the evidence relative to the conveyances, and the statements of the witnesses are in no wise disputed by other evidence. If, then, the witnesses produced, sworn and examined by appellee, are to be believed, the conveyances were in good faith and for a sufficient and valuable consideration, with no intent upon the part of the persons receiving them to defraud, and if the witnesses were not to be believed, there was no sufficient evidence in the case upon which the decree could stand, and in either case appellee would fail to maintain the charge of fraud contained in her bill. It is very clear to us the decree can not be sustained without presuming fraud, which would be to violate the elementary principle of the law to which we have already alluded, and this of course can not be done. For the reason that the decree is without evidence to support it, the same will be reversed and the cause remanded, with directions to dismiss the bill for want of equity. Reversed and remanded.